# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEANNA DIXON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIV-15-196-R |
| ) | |
| BOARD OF COUNTY ) | |
| COMMISSIONERS OF THE COUNTY ) | |
| OF OKLAHOMA; OKLAHOMA ) | |
| COUNTY JUVENILE BUREAU; ) | |
| JAMES SAFFLE, in both his Official ) | |
| And Individual Capacity; DANIEL ) | |
| HANSEN, in both his Individual and Official ) | |
| Capacity; KARLY MEADOWS, in both ) | |
| her Individual and Official capacity. ) | |

## ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. No. 13), filed by Defendants Saffle, Overstreet, Hansen, Meadows, and Cargill, in their individual capacities. Plaintiff responded in opposition to the motion. Having considered the parties' submissions, the Court finds as follows.

In the Amended Complaint Plaintiff alleges that she is a black female and was employed by the Oklahoma County Juvenile Bureau starting on September 17, 2001, as a Detention Officer I. She asserts she was terminated on October 7, 2013, at which time she was serving as a Supervisor of Probation Services. She claims that on August 27, 2013, Defendant Saffle informed her she was under investigation for alleged improprieties with vendors. Two days later Plaintiff was informed by her supervisor that she was being placed on paid administrative leave pending the outcome of the investigation. She alleges a claim

for discrimination on the basis for race under § 1981 and § 1983, citing the equal protection clause, because non-black employees were not terminated or were permitted to resign their employment and that upon her termination a less qualified white female assumed her duties. She also contends that white employees were permitted the opportunity to resign in lieu of termination for alleged policy violations.

In evaluating the sufficiency of the allegations in Plaintiff's amended complaint, the Court has looked to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), wherein the United States Supreme Court set forth the standards that this Court must use in determining whether dismissal, as the defendants have requested, is warranted under Rule 12(b)(6). In *Twombly*, the Supreme Court held that to withstand a motion to dismiss, a complaint need not contain "heightened fact pleading of specifics," 550 U.S. at 570, or "detailed factual allegations," *id.* at 555 (citations omitted), but that it must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. *Twombly* imposes a "burden . . . on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that . . . she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir.2008)(quoting *Twombly*, 550 U.S. at 556). Accordingly, the allegations must be enough that, if assumed to be true, Plaintiff "plausibly (not just speculatively) has a claim for relief." *Id.* (footnote omitted).

A claim has facial plausibility when Plaintiff pleads facts that allow the Court to draw the reasonable inference that the identified defendant is liable for the misconduct alleged. "[T]he *Twombly/Iqbal* standard recognizes a plaintiff should have at least some relevant information to make the claims plausible on their face," *Khalik v. United Air Lines*, 671 F.3d

1188, 1193 (10th Cir. 2012). A Plaintiff's pleading must contain more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678 (citation omitted).

Defendants also seek dismissal on the basis of Rule 8(a)(2), asserting that Plaintiff's pleading is too vague as to give notice to each individual Defendants regarding the alleged basis for his or her liability, in part because Plaintiff often pleads using the term "defendants."

> In § 1983 cases, defendants often include the government agency and a number of government actors sued in their individual capacities. Therefore it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the [agency]."

*Robbins*, 519 F.3d at 1250 (citation omitted). Rule 8(a)(2)'s adequate and fair notice requirement imposes a duty "to isolate the allegedly [discriminatory] . . . acts of each defendant[.]" *Id.* "'[I]t is particularly important' in a [section] 1983 case brought against 'a number of government actors sued in their individual capacity . . . that the complaint make clear exactly who is alleged to have done what to whom . . . as distinguished from collective allegations.'" *Brown v. Montoya*, 662 F.3d 1152, 1165 (10th Cir.2011) (citation and quotation omitted). Therefore, to the extent the individual defendants are "grouped in a single allegation," *Robbins*, 519 F.3d at 1250, and the amended complaint "fails to [sufficiently] isolate . . . [their] allegedly unconstitutional acts . . . ." *Id.*

Defendants seek dismissal of Plaintiff's claims under 42 U.S.C. § 1981, asserting that

3

any § 1981 claims must be pursued under 42 U.S.C. § 1983. 42 U.S.C. § 1981 provides that "[a]ll persons . . . shall have the same right . . . to make and enforce contracts." The term "make and enforce" includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). Section 1983 creates an express cause of action for damages for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" under color of state law. In *Jett v. Dallas Independent School Dist.*, 491 U.S. 701 (1989), the Supreme Court held that the exclusive remedy for violation of § 1981 lies in § 1983 when the alleged violator is a state actor, addressing specifically an entity actor rather than an officer or employee sued in his or her individual capacity. The Tenth Circuit in *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006), concluded that the amendments to the Civil Rights Act of 1991 had not overruled *Jett*. In *Bolden*, however, the court was not tasked with considering whether *Jett* extends to state actor defendants sued in their individual capacities. *See e.g. McCormick v. Miami University*, 693 F.3d 644, 661 (6th Cir. 2012) ("[W]e have not addressed whether *Jett* bars a § 1981 claim against an individual state actor sued in his or her individual capacity. We now hold that it does"). The undersigned concludes the Tenth Circuit has not heretofore been presented with the issue or has implicitly rejected the extension of *Jett* to individual capacity claims. *See Bird v. Regents of New Mexico State Univ.*, --- Fed.Appx. ---, 2015 WL 4646437 (10th Cir. 2015)(plaintiff did not show district court erred in granting qualified immunity to individual capacity defendant on the ground that no § 1981 or § 1983 violation shown). The Court concludes it

4

need not decide that issue at this juncture, because, as set forth herein, Plaintiff has failed to allege a § 1983 claim for racial discrimination against any of the individual capacity Defendants, and the analysis under § 1981 is identical to that under § 1983. *See Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 998 (10th Cir.2011); *Carney v. City and County of Denver*, 534 F.3d 1269, 1273 (10th Cir.2008)("In racial discrimination suits, the elements of a plaintiffs case are the same whether that case is brought under [section]1981 or [section] 1983. . . ."(quotation omitted)).

In order to sufficiently allege a claim for racial discrimination under § 1983 or § 1981, Plaintiff must allege (1) that she was a member of a protected class, (2) that she suffered an adverse employment action (3) "under circumstances giving rise to an inference of discrimination." *Salguero v. City of Clovis*, 366 F.3d 1168, 1175 (10th Cir.2004) (citation omitted).

As noted above, Plaintiff alleges she is a black female who was terminated from her employment on October 7, 2013, following what she contends was a sham investigation into untrue allegations that she was working a second job while on-the-clock at the Bureau. Plaintiff contends that she was not improperly engaged in secondary employment but rather was billing Advanced Counseling in accordance with instructions she had received. She contends that following her termination she was replaced by a white woman with less experience, although she does not identify the person who replaced her.

With regard to Defendant Saffle, director of the Bureau, Plaintiff alleges he informed her she was being investigated for alleged vendor improprieties, which was false, the real

reason being the one set forth above. Plaintiff alleges that prior to her termination Defendant Saffle was present at a meeting with Plaintiff's supervisor, Christe Sweat, and the internal investigator, Daniel Hansen, and he acknowledged that Plaintiff was not improperly working for Advanced Counseling during Bureau hours. Amended Complaint, ¶ 19. Plaintiff alleges Defendant Saffle told her she would not receive a copy of the investigation report or its conclusions. As noted, she contends after her termination, for the alleged unauthorized use of company email, that her job was filled by a less qualified white woman, although she does not allege who hired or promoted this woman into her position. Plaintiff also alleges that at least one white employee, Karly Meadows, was permitted to resign in lieu of termination for alleged policy violations, although she does not identify that decision-maker. The Court finds that Plaintiff's allegations under § 1983 against Defendant Saffle are not sufficient to state a claim for discrimination in violation of the equal protection clause. Although Plaintiff attempts to distinguish between the individual Defendants, she fails to specifically identify Defendant Saffle's alleged role in the discipline and termination decisions required to establish his personal participation in the alleged deprivation of her rights. She asserts that Defendant Saffle orchestrated a sham investigation, but does not indicate how that investigation was tied to her termination for allegedly misusing emails. The Court concludes Plaintiff has failed to sufficiently allege a claim for racial discrimination against Defendant Saffle, and therefore his motion to dismiss is granted with regard to Count I of the Amended Complaint.

      The Court does not construe Count I of the Amended Complaint as alleging a cause

of action against any other individual Defendant for racial discrimination. Although Plaintiff includes factual allegations regarding other individual capacity Defendants within this claim, her focus is on the Board, the Bureau, and Defendant Saffle. She asserts that "[i]n view of the law clearly established at the time Ms. Dixon was terminated, the Board, Bureau and Director Saffle's actions were objectively unreasonable" and concludes her Count I allegations by stating "[t]he Board, Bureau and Saffle's conduct is the proximate cause of Plaintiff's damages." Amended Complaint, ¶¶ 29, 30. To the extent Plaintiff was attempting to include any other individual capacity Defendant in Count I, the Amended Complaint fails to fulfill the notice requirement of Rule 8, and therefore, the motion to dismiss is granted with regard to Defendants Overstreet, Hansen, Meadows and Cargill in their individual capacities.

In Count II of the Amended Complaint Plaintiff alleges that the individual capacity Defendants conspired to interfere with her equal protection rights in violation of 42 U.S.C. § 1985. Section 1985(3) provides a remedy where a plaintiff can show "(1) the existence of a conspiracy (2) intended to deny [her] equal protection under the laws or equal privileges and immunities of the laws (3) resulting in an injury or deprivation of federally-protected rights, and (4) an overt act in furtherance of the object of the conspiracy." *Steinert v. Winn Group, Inc.*, 83 F.Supp.2d 1234, 1238 (D.Kan.2000) (citations omitted). The Court further notes that in order to state a § 1985(3) claim Plaintiff must allege that the conspiring Defendants acted with discriminatory animus, which she has failed to do. *See Bisbee v. Bey*, 39 F.3d 1096, 1102 (10th Cir. 1994)("Without allegations of . . . racial discriminatory

animus, the complaint fails to state a claim under § 1985."). To state a claim for conspiracy, Plaintiff must allege specific facts showing an agreement and concerted activity among the Defendants. *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 533 (10th Cir.1998) (discussing conspiracy under § 1983 and concluding "a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants."). "[M]ere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." *Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir.1983) (discussing conspiracy under § 1983); *see also Koenig v. Thurmston*, 2015 WL 2208181, *8 (D.Colo. May 5, 2015). Plaintiff fails to include any such allegations in the Amended Complaint, and therefore, her conspiracy count under § 1985 as set forth in Count II is hereby dismissed.

In Count III Plaintiff alleges a claim for "neglect to prevent interference with civil rights," which the Defendants and Court construe as a claim under 42 U.S.C. § 1986. Similar to Plaintiff's claim for violation of § 1983, the Court construes this claim as being directed at the Board of County Commissioners and Oklahoma County Juvenile Bureau. *See* Amended Complaint, ¶ 37 ("Defendants Board of County Commissioners and Oklahoma County Juvenile Board were aware, or should have been aware, of Saffle, Overstreet, Meadows, Cargill and Hansen's conspiracy to interfere with Plaintiff's civil rights." Amended Complaint, ¶ 37. As such, to the extent Plaintiff intended Count III to apply to the individual capacity Defendants, her claims are dismissed pursuant to Rules 8(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.

With regard to Count IV, tortious interference with a contract, the Court is unable to determine whether the claim is pressed against both Defendant Hansen and the Bureau. Plaintiff alleges "[t]hough unnecessary to determining whether Ms. Dixon was present at the Bureau rather than working for Advanced Counseling during her Bureau work hours, Daniel Hansen contacted Advanced Counseling as part of his investigation." Amended Complaint, ¶ 40. She alleges thereafter that Advanced Counseling terminated her contract. "But for the Bureau's sham investigation, Plaintiff would not have suffered this damage." Amended Complaint, ¶ 42. As noted above, in a case advancing multiple claims against multiple parties it is incumbent on Plaintiff to identify the claims against each particular Defendant clearly so as to give notice. The Court finds that Count IV fails to give notice to either Defendant Hansen or the Bureau, and accordingly, Defendant Hansen's motion to dismiss is granted with regard to this claim.

In Count V Plaintiff alleges deprivation of a liberty interest, and the Court infers from the allegations that this claim is being pursued against Defendants Saffle and Hansen in their individual capacities. Specifically she alleges that Defendant Saffle sought to have her charged with a crime by forwarding accusations of Medicare fraud to the Oklahoma Attorney General, despite the fact that Plaintiff had acted in accordance with the training provided by Advanced Counseling. She contends Defendant Saffle's conduct stigmatized her and caused damage to her reputation, "undermined [her] liberty to engage in any of the common occupations of life and has interfered with her enjoyment of the gains of her own industry." Amended Complaint ¶ 46. She also contends that Defendant Hansen "contacted Ms. Dixon's

ex-fiancee' for reasons yet unknown, further compromising her reputation." Amended Complaint, ¶ 44.

A public employee has a liberty interest in her good name and reputation as they relate to her continued employment. *Workman v. Jordan*, 32 F.3d 475, 480 (10th Cir.1994). To establish a claim for infringement Plaintiff must show that Defendant (1) made a statement that impugned her good name, reputation, honor or integrity; (2) which was false; (3) that the statement was made during the course of termination and foreclosed other employment opportunities; and (4) that the statement is published, that is publicly disclosed. *McDonald v. Wise*, 769 F.3d 1202, 1212 (Colo. 2014). "Intragovernment dissemination of information related to a public employee's discharge, by itself, falls short of that definition." *Asbill v. Housing Authority of Choctaw Nation of Oklahoma*, 726 F.2d 1499, 1503 (10th 1984). As such, Plaintiff's allegation that Defendant Saffle informed the Oklahoma Attorney General of an allegedly false allegation does not support a claim for deprivation of a liberty interest as pled in Count V.

With regard to Defendant Hansen, Plaintiff must allege that Defendant publicized negative information about her related to her termination. Plaintiff, however, admits she does not know why Defendant Hansen contacted her ex-fiancee' and from the allegations the Court infers that the contact was prior to Plaintiff's termination as it was during the course of the allegedly sham investigation. Because Plaintiff has not alleged the substance of any conversations, much less that any statements he made impugned her good name, reputation, honor or integrity, as required to state a claim for deprivation of a liberty interest this claim

10

fails as well. Defendant Hansen is therefore entitled to dismissal of this claim.

Count VI appears to plead a claim only against the Bureau due to the absence of a name clearing hearing or a policy requiring such, and therefore, no claim from which any of the individual capacity Defendants can be dismissed.

Finally, in Count VII Plaintiff seeks relief from the individual capacity Defendants for the alleged intentional infliction of emotional distress. She contends that Defendant Saffle's initiation of a sham investigation and his efforts to persuade the Attorney General to pursue criminal charges against her, all to mask her illegal termination, was "extreme, outrageous and beyond all possible bounds of decency." Amended Complaint, ¶ 50.

To state a claim for the intentional infliction of emotional distress, Plaintiff must allege that "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." *Schovanec v. Archdiocese of Oklahoma City*, 188 P.3d 158, 175 (Okla.2008) (quoting *Computer Publ'ns, Inc. v. Welton*, 49 P.3d 732, 735 (Okla.2002)). Under Oklahoma law, the trial court must assume a "gatekeeper role" and make an initial determination that the defendant's conduct "may be reasonably regarded as sufficiently extreme and outrageous to meet the Restatement § 46 standards." *Trentadue v. United States*, 397 F.3d 840, 856 n. 7 (10th Cir.2005) (applying Oklahoma law).

Plaintiff's amended complaint contains only a vague allegation that any individual

11

Defendant's conduct caused her severe emotional distress.[1] Federal courts in Oklahoma considering this issue have found that such general allegations do not comply with federal pleading requirements. *Robbins Motorsports, LLC v. Nat'l Fire & Marine Ins. Co.*, 2011 2174911, *4 (E.D. Okla. June 3, 2011). Plaintiff "does not set forth any facts regarding [her] mental or emotional state, much less distress which 'is so severe that no reasonable [person] could be expected to endure it.'" *Cohlmia v. Ardent Health Services, Inc.*, 448 F.Supp.2d 1253, 1272 (N.D.Okla. 2006)(quoting *Meyer v. Conlon*, 162 F.3d 1264, 1275 (10th Cir. 2006)); *see also*, *Peterson v. Grisham*, 2008 WL 4363653, *7 (E.D.Okla. Sept. 17, 2008). Plaintiff's intentional infliction of emotional distress claim is therefore dismissed with regard to all individual capacity Defendants.

For the reasons set forth herein, the motion to dismiss filed by the individual capacity Defendants is hereby GRANTED. The Court finds, however, that Plaintiff should be granted leave to amend, as requested in her response brief, in a final attempt to plead sufficient facts against each individual capacity Defendant. Plaintiff should ensure that the Court and Defendants are able to clearly discern which claims she is attempting to pursue against any each particular Defendant and the relevant facts in support of such claims. References to "defendants," "these defendants" or "those defendants" without more will rarely be sufficient to support the types of claims Plaintiff is attempting to prosecute. As such, Defendants'

---

[1] "Defendants Saffle, Cargill, Meadows, Hansen and Overstreet intentionally or recklessly caused severe emotional distress to Plaintiff, making false allegations, conducting a sham investigation, manufacturing negative employee performance information subsequent to Ms. Dixon's termination and attempting to have Ms. Dixon charged with a felony." Amended Complaint, ¶ 51.

Motion to Dismiss (Doc. No. 13) is hereby GRANTED. Plaintiff shall file a second amended complaint within fourteen days of entry of this order. The Court further notes that this Order has not endeavored to identify and explain all deficiencies that might exist in Plaintiff's pleading, and therefore she should be aware that the Court's failure to address an issue raised by Defendants is not a rejection thereof, but rather, addressing all arguments was unnecessary in light of the above.

      IT IS SO ORDERED this 7th day of October, 2015.

*David L. Russell* (signature)

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE