# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DEANNA DIXON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-15-196-R |
| | ) | |
| BOARD OF COUNTY | ) | |
| COMMISSIONERS OF THE COUNTY | ) | |
| OF OKLAHOMA; OKLAHOMA | ) | |
| COUNTY JUVENILE BUREAU; | ) | |
| JAMES SAFFLE, in both his Official | ) | |
| And Individual Capacity; DANIEL | ) | |
| HANSEN, in both his Individual and Official | ) | |
| Capacity; KARLY MEADOWS, in both | ) | |
| her Individual and Official capacity. | ) | |

## ORDER

Plaintiff filed this action alleging claims under 42 U.S.C. §§ 1981, 1983, 1985, 1986 the Fourteenth Amendment, and Oklahoma law, specifically the Oklahoma Constitution. Defendants Board of County Commissioners, Saffle, Overstreet, Hanson, Meadows and Cargill, in their official capacities, seek dismissal of Plaintiff's claims. (Doc. No. 15). Plaintiff responded in opposition to the motion. Having considered the parties' submissions, the Court finds as follows.

In evaluating the sufficiency of the allegations in Plaintiff's amended complaint, the Court has looked to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), wherein the United States Supreme Court set forth the standards that this Court must use in determining whether dismissal, as Defendants have requested, is warranted under Rule 12(b)(6). In *Twombly*, the Supreme Court held that to withstand a motion to dismiss, a complaint need not contain

"heightened fact pleading of specifics," 550 U.S. at 570, or "detailed factual allegations," *id.* at 555 (citations omitted), but that it must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. *Twombly* imposes a "burden ... on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that ... she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir.2008)(quoting *Twombly*, 550 U.S. at 556). Accordingly, the allegations must be enough that, if assumed to be true, Plaintiff "plausibly (not just speculatively) has a claim for relief." *Id.* (footnote omitted).

A claim has facial plausibility when Plaintiff pleads facts that allow the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. "[T]he *Twombly/Iqbal* standard recognizes a plaintiff should have at least some relevant information to make the claims plausible on their face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012). Plaintiff's pleading must contain more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678 (citation omitted).

Defendants also seek dismissal on the basis of Rule 8(a)(2), asserting that Plaintiff's pleading is too vague as to give notice to each individual Defendant regarding the alleged basis for each person's liability, in part because Plaintiff often pleads using the term "defendants."

> In § 1983 cases, defendants often include the government agency and a number of government actors sued in their individual capacities. Therefore it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as

2

distinguished from collective allegations against the [agency]."
*Robbins*, 519 F.3d at 1250 (citation omitted). Rule 8(a)(2)'s adequate and fair notice requirement imposes a duty "to isolate the allegedly [discriminatory] ... acts of each defendant[.]" *Robbins*, 519 F.3d at 1250. "'[I]t is particularly important' in a [section] 1983 case brought against 'a number of government actors sued in their individual capacity ... that the complaint make clear exactly who is alleged to have done what to whom ... as distinguished from collective allegations.'" *Brown v. Montoya*, 662 F.3d 1152, 1165 (10th Cir.2011) (citation and quotation omitted). Therefore, to the extent the individual defendants and the Board are "grouped in a single allegation," *Robbins*, 519 F.3d at 1250, the amended complaint "fails to [sufficiently] isolate ... [their] allegedly unconstitutional acts . . . ." *Id.*

Because Plaintiff has sued the Board of County Commissioners, Defendants Saffle, Overstreet, Hansen, Meadows, and Cargill in their official capacities are entitled to dismissal of Plaintiff's claims. Claims against a county official in his or her official capacity are the same as a suit against the County, which Plaintiff has accomplished by suing the Board.[1] *See Kentucky v. Graham,* 473 U.S. 159, 165–66 (1985)(Official capacity claims are considered to be claims for municipal liability and are the same as suing the municipal entity or county); *Hinton v. City of Elwood*, 997 F.2d 774, 783 (10th Cir. 1993).

Plaintiff's claims under § 1981 are also subject to dismissal, because § 1983 provides the exclusive damages remedy for rights guaranteed by § 1981 against governmental entities

---

[1] As a result, the arguments presented by Plaintiff in response to the motion to dismiss that address each defendant individually are not relevant.

such as the Board of County Commissioners. *Bolden v. City of Topeka*, 441 F.3d 1129, 1134-37 (10th Cir. 2006)(citing *Jett v. Dallas Independent School District*, 491 U.S. 701 (1989)). Because Plaintiff included a § 1983 claim the Court will consider Plaintiff's claims against the Board as arising under § 1983 rather than § 1981.

The Court interprets the Amended Complaint as stating claims against the Board for race discrimination in violation of Plaintiff's equal protection rights under 42 U.S.C. § 1983 (count I), and failure to prevent a conspiracy to violate her civil rights (count III). The remaining claims do not reference the Board of County Commissioners sufficiently so as to give notice that Plaintiff seeks relief from the Board on her claims of conspiracy in violation of 42 U.S.C. § 1985 (Count II), tortious interference with a contract (Count IV), deprivation of a liberty interest (Count V), denial of due process (Count VI), and intentional infliction of emotional distress (Count VII). [2] As such, the Court will consider whether Plaintiff has stated claims under § 1983 for the alleged violation of the equal protection clause, and the failure to prevent interference with civil rights, a remedy provided by § 1986.

Defendant Board contends Plaintiff's 42 U.S.C. § 1983 claim is subject to dismissal because she has failed to sufficiently allege a cause of action. Section 1983 provides, in part, that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage,

---

[2] Plaintiff named the Oklahoma County Juvenile Bureau as a Defendant. There have been no filings on behalf of the Bureau.
  With regard to Count IV, Denial of Due Process, the Court interprets this claim as directed solely at the Bureau, as she alleges "[t]he Bureau's official policy provides no opportunity for notice and an opportunity to be heard when an employee's liberty interests are threatened." Amended Complaint ¶ 48. She does not reference the Board in this count.

of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." To state a claim under § 1983 a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) "that the alleged violation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). "Section 1983 will not support a claim based on a respondeat superior theory of liability." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (citations omitted). In the case of an entity such as the Board, the "under color of state law" element requires that the constitutional deprivation occurred pursuant to official policy or custom. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). A municipal entity may be held liable for an act it has officially sanctioned, or for the actions of an official with final policymaking authority. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480, 482–83 (1986); *see also City of St. Louis v. Praprotnik*, 485 U.S. 112, 127–28 (1988).

In this case there are insufficient allegations of any policy or custom of the Board such that Plaintiff could hold it liable for her termination. Defendant further argues that the official policymaker with regard to the Juvenile Bureau is Judge Richard Kirby, Chief of the Juvenile Division, acting in his administrative capacity. *See* Okla. Stat. tit. 10A, § 2-4-102 ("The chief administrative officer of the juvenile bureau shall be a director, who shall be subject to the direction and supervision of the Juvenile Division, subject to the general administrative authority of the Presiding Judge of the Judicial Administrative District within budgetary

limitations."). That same, provision, however, provides that "Counselors and other persons may be employed by the director with the approval of the judge of the Juvenile Division, subject to the general administrative authority of the Presiding Judge of the Judicial Administrative District." and that "[t]he counselors and other employees may be removed by the director." Okla Stat. tit. 10A § 2-4-102. Accordingly, with regard to employment decisions involving termination, it appears that Director Saffle has the final word, and thus, could be construed as the final policymaker. Furthermore, it appears accepted in Oklahoma, as supported by statute, that employees of a county's juvenile bureau are employees of the county. *See* Okla. Op. Att'y Gen. No. 08–30 (2008) ("[U]nder general principles juvenile bureaus are part of county government, and juvenile bureaus and their employees are considered to be employees of the county."). The Court concludes, therefore, that Plaintiff is not necessarily required to plead a specific policy or custom of the Board, but rather, the acts or omissions of the Bureau administrator may constitute a policy attributable to the County.

> [T]he county may be liable on the basis that Sheriff LeMaster is a final policy maker with regard to its jail, such that his actions "may fairly be said to be those of the municipality." *See* [*Board of County Comm'rs of Bryan County, Oklahoma v.*] Brown, 520 U.S. [397, 402 (1997)]. Under Oklahoma law, a county sheriff is in charge of the jail and the prisoners therein. *See* Okla Stat. tit. 19 § 513; tit. 57, § 47.

*Lopez v. LeMaster*, 172 F.3d 756, 763 (10th Cir. 1999). With regard to Plaintiff's § 1983 claim, because the above-quoted statute places the termination of Bureau employees squarely in the hands of the Administrator, it would appear that his decisions regarding termination

are would be considered County policy sufficient to hold the County liable via naming the Board.

The Court must determine, however, whether Plaintiff has sufficiently alleged a claim for an equal protection violation with regard to her employment. As the Court concluded in the Order entered this same date dismissing Plaintiff's individual capacity claim against Defendant Saffle with regard to her termination, Plaintiff has failed to allege sufficient facts to avoid dismissal of her § 1983 equal protection claim. Accordingly, the Court grants Defendant Board's motion to dismiss, however, as in the Court's order addressing the individual capacity Defendants, the Court will permit Plaintiff a final attempt to sufficiently plead claims against the Board.

In Count III Plaintiff alleges that the Board negligently failed to prevent the conspiracy to violate her civil rights. Section 1986 provides a remedy against a defendant who has knowledge of a § 1985 conspiracy, has the ability to aid in preventing the conspiracy, and who fails to exercise that ability. The Court, however, concluded by separate Order entered this same date that Plaintiff failed to sufficiently allege a § 1985 conspiracy. Plaintiff's attempt to plead a § 1986 claim therefore fails, because where there are insufficient allegations of a conspiracy, there cannot be allegations that the Board failed to prevent the conspiracy from occurring. *See Brown v. Reardon*, 770 F.2d 896, 907 (10th Cir.1985) ("The district court did not err in finding that the § 1986 claim is dependent upon the existence of a valid claim under § 1985."). Defendant's motion to dismiss is granted with regard to Plaintiff's 42 U.S.C. § 1986 claim.

As noted in the Court's Order addressing Plaintiff's claims against the individual capacity Defendants, Plaintiff's Amended Complaint fails to sufficiently distinguish between the Defendants or to identify clearly from which Defendant, in which capacity, she seeks relief. The Court hereby GRANTS the motion to dismiss filed by the Board and the Defendants in their official capacities. Plaintiff is hereby granted leave to amend her allegations in a final attempt to comply with the relevant law. The deficiencies identified by the Court's Orders may not be the only deficiencies in the pleadings, and therefore, Plaintiff is admonished to consider carefully her pleading obligations. Plaintiff's second amended complaint shall be filed within fourteen days of entry of this Order.

IT IS SO ORDERED this 7th day of October, 2015.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE