IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DEANNA DIXON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-15-196-R |
| | ) | |
| BOARD OF COUNTY | ) | |
| COMMISSIONERS OF THE COUNTY | ) | |
| OF OKLAHOMA; OKLAHOMA | ) | |
| COUNTY JUVENILE BUREAU; | ) | |
| JAMES SAFFLE, in both his Official | ) | |
| And Individual Capacity; J'Me Overstreet, | ) | |
| in both her Individual and Official Capacity, | ) | |
| DANIEL HANSEN, in both his Individual | ) | |
| and Official Capacity; KARLY MEADOWS, | ) | |
| in both her Individual and Official capacity, | ) | |
| and VICKI CARGILL, in both her | ) | |
| Individual and Official Capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is the motion of Defendants James Saffle, J'Me Overstreet, Daniel Hansen, Karley Meadows and Vicki Cargill in their individual capacities to dismiss Plaintiff's claims against them. In support of their motion, Defendants first argue that the Second Amended Complaint should be dismissed pursuant to F.R.Civ.P. 8 because it fails to give Defendants sufficient notice of the claims against which they must defend. Upon review of Plaintiff's Second Amended Complaint, however, the Court finds that Plaintiff's pleading gives Defendants sufficient notice of Plaintiff's claims. Next, Defendants argue that Plaintiff cannot maintain a Section 1981 claims against them individually because the Defendants were acting as Government agents at the time of the

events about which Plaintiff complains and because Plaintiff had no contractual right to continued employment. Section 1983 of Title 42 of the United States Code provides the exclusive federal damage remedy for the violation of rights guaranteed by § 1981 when the alleged violation is by a state actor. *Jett v. Dallas Independent School District*, 491 U.S. 701 (1989). However, the Court reads Count I of Plaintiff's Amended Complaint to allege a deprivation of rights secured by § 1981 and the Fourteenth Amendment to be brought pursuant to 28 U.S.C. § 1983. It is true that county employees are at-will employees with no continued expectation of employment and therefore lack of property interest in continued employment. *See Darr v. Town of Telluride, Colo.*, 495 F.3d 1243, 1252 (10th Cir. 2007). And to state a claim for relief for a deprivation of a liberty interest, Plaintiff must allege that the statements against her were published. *See id.* at 1255. Plaintiff has not alleged a public statement of unfounded charges against her. Accordingly, Plaintiff's § 1983 claim for a deprivation of a liberty interest must be dismissed. Next Defendants argue that Plaintiff has not alleged a § 1983 claim for a deprivation of rights under § 1981 because she has not alleged facts showing that the adverse employment action – the termination of her employment occurred under circumstances which give rise to an inference of unlawful discrimination. However, Plaintiff has alleged that she is black and that she was terminated from her employment "for reasons that similarly situated non-black employees were either not terminated at all, or [were] allowed to resign their employment" Amended Complaint at ¶ 26. Indeed, Plaintiff specifically alleges that Karly Meadows, Jim Smith, Jami Palmer, Nancy

McCarty, Mary Prince and Jessica Adkerson, white employees, used their Bureau email for non-Bureau business and were not terminated while Plaintiff's employment was terminated at least in part for the same conduct. *See* Amended Complaint at ¶ 27. Although as Defendants argue, Plaintiff has not set forth the positions that the white employees held or who their supervisors were, and alleges that Plaintiff was purportedly fired for three reasons, only one of which was the use of Bureau email to conduct business for her other employer, the Court finds that for pleading purposes, Plaintiff's allegations are sufficient to state a plausible claim under § 1983 for a deprivation of rights under § 1981. Also, the Court does not find that Plaintiff has negated an inference of racial discrimination by her allegations concerning one black employee who was terminated for the use of Bureau email, as Defendants argue.

Next, Defendants argue that they cannot be liable under § 1983 because Plaintiff has failed to allege a custom or policy of the Juvenile Board or the County generally pursuant to which the individual Defendants acted and which caused the deprivation of Plaintiff's § 1981 rights. For purposes of the individual Defendants, Plaintiff does not have to allege the existence of a custom or policy. That is necessary to hold the County liable but the County is not a moving party on this motion.

Next, Defendants argue that Plaintiff cannot establish a violation of the Equal Protection Clause of the Fourteenth Amendment on a "class of one" theory. To the extent Plaintiff is attempting to state an equal protection claim on a "class one one" theory, which it appears Plaintiff is doing, such a claim is not cognizable in the public

employment context, *see Engquist v. Oregon Department of Agriculture*, 553 U.S. 591, 598 (2008), and must be dismissed for failure to state a claim on which relief can be granted.

Next, Defendants argue that Plaintiff's claims of conspiracy and failure to prevent interference with her civil rights under 42 U.S.C. §§ 1985 & 1986 are insufficient to state claims for relief. These arguments of Defendants go to Count II and Count III of Plaintiff's Amended Complaint. To allege a conspiracy claim, a plaintiff "must allege specific facts showing an agreement and concerted action among the defendants." *Tonkovich v. Kansas Board of Regents*, 159 F.3d 504, 533 (10th Cir. 1998). Conclusory allegations are not sufficient. *See id.* While Plaintiff has alleged concerted action by the Defendants, she has failed to allege an agreement by the individual Defendants to deny Plaintiff her employment based on her race in violation of her equal protection rights. As Defendants argue, "Plaintiff lists actions each individual took while performing their duties as OCJB employees that contributed towards initiating a concern, an internal affairs investigation, and the documentation of investigative findings but does so without alleging how these acts formed the basis of a conspiracy, show an understanding or meeting of the minds to deprive Plaintiff of her rights or work because of race." Defendants' Brief at p. 18.

Section 1986 of Title 42 provides a right to recover damages from anyone who, having knowledge of the wrongs proscribed by 42 U.S.C. § 1985 are about to be done and, having power to prevent such wrongs, neglects to act. A conspiracy under § 1985 is

a necessary predicate to an action under § 1986 so in this respect Plaintiff's § 1986 claim fails. In addition it appears from Plaintiff's pleading that only James Saffle, the chief administrative officer of the Oklahoma County Juvenile Board, had the power to prevent the alleged conspiracy. In addition, Defendants are correct that Plaintiff's § 1986 claim is barred by the one-year statute of limitations. *See* 42 U.S.C. § 1986. Plaintiff's action accrued at the latest on October 7, 2013, the date on which her employment was terminated. *See* Amended Complaint at ¶ 11. Plaintiff did not file suit until February 5, 2015, resulting in a time bar requiring dismissal of Plaintiff's § 1986 claim.

Next, Defendants argue that Plaintiff has failed to establish a liberty interest necessary to give rise to a violation of due process under the Fourteenth Amendment actionable under § 1983. Plaintiff alleges that she was denied due process by not having a name-clearing hearing and by not being provided with a copy of the OSCJB's investigative report. *See* Complaint at ¶¶ 48 & 49. Defendants assert that Plaintiff's pleading is insufficient to support a constitutional claim based on reputational stigma against Defendants Hansen, Overstreet, Meadows or Cargill because those individuals did not have the authority or power to terminate the Plaintiff and they did not participate in the termination decision by Saffle. In addition, Plaintiff's pleading does not state how she has been foreclosed from other employment. Moreover, they argue that there is no sufficient allegation of publication because intra-government dissemination of stigmatizing statements is not sufficient, citing *Askbill v. Housing Authority of Choctaw Nation*, 726 F.2d 1499, 1503 (10th Cir. 1984). Defendants are correct. Plaintiff's

Amended Complaint fails to allege what "others" were given information at the time of her termination and information given to others prior to her termination was not made in the course of terminating the Plaintiff. *See generally Melton v. City of Oklahoma City,* 928 F.2d 920, 929-30 (10th Cir. 1991)(essential elements necessary to show the deprivation of a liberty interest). And the performance evaluation of Plaintiff's months after she was terminated was not made in the course of Plaintiff's termination.

The Defendants next assert that they are entitled to qualified immunity on all of Plaintiff's federal statutory and constitutional claims. There is only one remaining federal statutory claim based on this Order, Plaintiff's § 1983 claim for race discrimination in violation of § 1981. Plaintiff's allegations are sufficient to show such a violation and the law was clearly established at the time Defendants acted such that reasonable officials would have understood that they were violating Plaintiff's statutory rights.

Finally, Defendants assert that Plaintiff's state law claims against them must be dismissed because in Oklahoma, an employee acting within the scope of his or her employment is not a proper party defendant under Oklahoma's Governmental Tort Claims Act, citing Okla. Stat. tit. 51 § 163 and *Parker v. City of Midwest City*, 850 P.2d 1065, 1066 n.1 (Okla. 1993). Defendants argue that in this case it is clear from Plaintiff's allegations, that Defendants Saffle, Hansen, Overstreet, Meadows and Cargill were at all relevant times, employees of OCBJ and performing duties for OCBJ. *See* Amended Complaint at ¶¶ 4-8. And they point out that nowhere does Plaintiff allege that those

Defendants were acting outside the scope of their employment.  Thus, Defendants argue the pleading shows that Plaintiff believes that they were acting within the scope of their employment.  Plaintiff essentially concedes as much, stating that if during the course of this litigation it is determined that one or more Defendants were acting outside the scope of their employment, individual liability would attach.  In light of Plaintiff's failure to allege that the individual Defendants were acting outside the scope of their employment, Plaintiff's state law claims against the Defendants are dismissed.

In accordance with the foregoing, Defendants' motion in their individual capacities to dismiss Plaintiff's claims against them is GRANTED in part and DENIED in part.  Their motion directed to Plaintiff's § 1983 claim predicated on a § 1981 claim for race discrimination is denied.  In all other respects their motion is granted.

IT IS SO ORDERED this 4th day of February, 2016.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE