# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEANNA DIXON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV-15-196-R |
| | ) |
| BOARD OF COUNTY | ) |
| COMMISSIONERS OF THE COUNTY | ) |
| OF OKLAHOMA; OKLAHOMA | ) |
| COUNTY JUVENILE BUREAU; | ) |
| JAMES SAFFLE, in both his Official | ) |
| And Individual Capacity; DANIEL | ) |
| HANSEN, in both his Individual and Official | ) |
| Capacity; KARLY MEADOWS, in both | ) |
| her Individual and Official capacity. | ) |

## ORDER

This matter comes before the Court on the Motion for Summary Judgment filed by Defendant Board of County Commissioners of Oklahoma County (Doc. No. 46) and the Motion for Summary Judgment filed by Defendants Saffle, Hansen, Overstreet, Meadows and Cargill (Doc. No. 47). Defendant Board seeks summary judgment on two grounds, first, because Plaintiff failed to timely respond to Requests for Admission propounded by the Board, and, with regard to Plaintiff's state law claims, because Plaintiff failed to comply with the notice provisions of the Oklahoma Governmental Tort Claims Act. The individual Defendants argue that Plaintiff's failure to timely respond to the discovery requests, including Requests for Admissions, renders her unable to prevail because she had admitted certain dispositive facts related to her termination, namely that she was not terminated on the basis of race. Plaintiff responded in opposition to the motions and argues with regard to both

motions that she should be permitted to withdraw any admissions she is deemed to have made. Having considered the parties' submissions, the Court finds as follows.

Plaintiff filed this action on February 5, 2015 in the District Court of Oklahoma County. It was removed to this Court on February 25, 2015. Thereafter Defendants filed various motions to dismiss before Plaintiff filed an Amended Complaint. Defendants sought dismissal of the Amended Complaint, and the Court granted the motions but permitted Plaintiff leave to amend. Plaintiff filed a Second Amended Complaint on October 26, 2015, which again drew Motions to Dismiss from the Defendants. On February 4, 2016 the Court granted the Motion to Dismiss filed by Defendants Saffle, Overstreet, Hansen, Meadows, and Cargill in their official capacities and the claims against the Juvenile Board. The Court granted in part and denied in part the motion filed by the individual defendants in their individual capacities. Answers to the Second Amended Complaint were filed, and on May 4, 2016, the Court conducted a status and scheduling conference in this matter. In the parties' Joint Status Report and Discovery Plan counsel represented that initial disclosures would be made by May 3, 2016, and left blank the space where they were to indicate the date their discovery and planning conference was held. Doc. No. 44. With these dates in mind, the Court turns to Defendants' Motions for Summary Judgment to the extent they rely on Plaintiff's alleged failure to timely respond to certain discovery requests.

Defendants served discovery requests, including Requests for Admissions, Interrogatories, and Requests for Production on March 15, 2016. Via email Plaintiff's counsel requested additional time in which to respond. Defense counsel agreed to extension

of the deadline for responding until April 22, 2016. Plaintiff's counsel did not provide responses on that date. Rather, on April 25, 2016, Plaintiff's counsel informed Defendants' counsel, via email, that she had been unable to obtain Plaintiff's signature on the discovery responses because Plaintiff now resides in Georgia. The parties agreed to extend the time for Plaintiff to respond to May 30, 2016. No discovery responses were provided on that date either, and as of the filing of the instant motion on June 16, 2016, no responses had been provided.[1] Defendants contend therefore, that the Requests for Admission should be deemed admitted and as a result, they are entitled to summary judgment.

Plaintiff's objection to the Motion for Summary Judgment asserts that the discovery propounded by Defendants was premature under Rule 26(d)(1) of the Federal Rules of Civil Procedure. Plaintiff argues that the earliest the March discovery could be considered served is May 4, 2016, and that therefore the responses Plaintiff delivered on July 7, 2017, via email, were barely late. Plaintiff also argues that it would be improper pursuant to Tenth Circuit authority to permit Defendant to prevail based on a request for admission as to the ultimate issue in the case. As noted above, within the response Plaintiff requests leave to withdraw her admissions.

Rule 26(d)(1) of the Federal Rules of Civil Procedure provide that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in proceedings exempted from initial disclosures under Rule 26(a)(1)(B), or when

---

[1] Plaintiff contends she sent unverified responses on July 7, 2016.

3

authorized by these rules, by stipulation, or by court order." This Court's Local Civil Rule 26.3 provides that "if a motion has been made pursuant to Fed. R Civ. P. 12(b), no party may seek discovery from any source before that motion has been decided and all moving parties have filed an answer or been dismissed from the case." Rule 36.3(b) permits the parties to stipulate to earlier discovery. Accordingly, although both rules contemplates stipulations to permit earlier discovery, the Court finds no basis herein for concluding that Plaintiff's failure to object to premature discovery is tantamount to a stipulation, that is an agreement, that early discovery is permissible in the case. Although the parties present a series of emails between counsel regarding discovery response due dates, there is no indication that counsel agreed specifically that early discovery would be permitted. The Court finds that Defendants' discovery was premature and thus the issue herein is the effect of premature discovery requests.

As a result, there are two potential outcomes, that Plaintiff's responses were due thirty days from the parties' status conference, which renders her July 7, 2016 responses untimely, albeit by only a few days, or that prematurely served requests are void and therefore no response was necessary. In either event, Defendant would not be entitled to summary judgment based on Plaintiff's failure to respond to the Requests for Admission.[2] The Court

---

[2] The Court notes that it even if the Requests for Admission were deemed admitted that it would be within its discretion to permit withdrawal or amendment "when [1] the presentation of the merits of the action will be subserved thereby and [2] the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the . . . defense on the merits." *Raiser v. Utah County*, 409 F.3d 1243, 1246 (10th Cir. 2005). The Court would have no difficulty permitting withdrawal of the admissions that address the ultimate issue in the case, and furthermore, Defendants have
(continued...)

concludes, however, that a more predictable approach is the better path, that is, that discovery requests served prematurely absent Court Order or actual agreement of the parties are of no effect and require no response. *See Thompson v. Fred's Store of Tennessee, Inc.*, 2015 WL 5655948, *2 (N.D.Miss. Sept. 24, 2015).[3] As such, Defendants' requests did not ripen into proper requests at the time of the Court's status conference and Plaintiff's July 7, 2016 responses were not untimely. Accordingly, the motions for summary judgment are hereby denied with regard to Defendants' contentions that Plaintiff has admitted that she was not terminated on the basis of her race due to her untimely responses to the Requests for Admission. Because the Court's local rules contemplate only a single motion for summary judgment by each party without leave of Court, and due to the unusual circumstances before this Court, the Court hereby grants Defendants leave to file second motions for summary judgment in accordance with the Court's scheduling orders as they deem necessary.

The Board of County Commissioners also seeks summary judgment with regard to Plaintiff's state law claims, arguing that Plaintiff failed to comply with the notice provisions of the Governmental Tort Claims Act. In response Plaintiff submits a declaration of counsel pursuant to Rule 54(d), asserting that additional discovery is necessary before she should be required to respond to such argument. Alternatively Plaintiff contends that notice was provided to James Saffle on July 16, 2014, and that therefore, she substantially complied with

---

[2](...continued)
not established they will be prejudiced if the Court were to permit withdrawal of any admissions.

[3] The 2015 amendments to Federal Rule of Civil Procedure permit Early Rule 34 Requests. Such request, however, are considered to have been served at the first Rule 26(f) conference.

the Act which is sufficient under Oklahoma law.

Okla. Stat. tit. 51 § 156(D) provides that "[a] claim against a political subdivision shall be in writing and filed with the office of the clerk of the governing body." To the extent Plaintiff contends that additional discovery is necessary to determine whether she complied with this provision, the Court denies her request. Plaintiff is uniquely situated to know to whom and when she provided the required written notice. No additional discovery should be necessary to resolve this issue. Furthermore, Plaintiff makes no representations that she filed a claim with the clerk.

Although Oklahoma once relied on the doctrine of substantial compliance with regard to tort claims, recent developments in Oklahoma law call the doctrine of substantial compliance into question. In *Duncan v. Stroud*, 346 P.3d 446 (Okla.Civ.App. 2015), the court rejected application of the doctrine by finding that a letter from counsel to the city's liability insurer was not sufficient to serve as a tort claim under the Act.

> *Minie* [*v. Hudson*, 934 P.2d 1082 (Okla. 1997),] does not speak directly to the requirement for filing a claim with the clerk of the governing body. However, the Court did find that the claimant's verbal notice of his claim to the city manager and his written notice filed with the county clerk did not constitute valid notice of his claim against the city. We agree with this Court's holding in *Smith v. White Oak Sch. Dist., No. 105, 108,* 2008 WL 3824868, at *3 (Okla.Ct.App. June 20, 2008), that *Minie* abrogated the doctrine of substantial compliance. As recently noted by the Supreme Court: "The limitations of the Tort Claims Act are narrowly structured, and a grant of substantial compliance under the general procedural regime is not allowed." *Slawson v. Board of County Comm'rs of Logan Cnty.*, 2012 OK 87, ¶ 6, 288 P.3d 533, 534 (*citing Carswell v. Oklahoma State Univ.*, 1999 OK 102, ¶ 7, 995 P.2d 1118, 1121).

*Id.* at 449. *See also Hill v. State ex. rel., Bd. of Regents of University of Oklahoma*, 367 P.3d

524, 528 (Okla.Civ.App. 2015). As such, and because Plaintiff does not contend that she filed a written notice with the Clerk of Oklahoma County and the Clerk denies receipt of any such claim, the Court finds that Defendant Board of County Commissioners is entitled to summary judgment on Plaintiff's claim under the Oklahoma Governmental Tort Claims Act.

Finally, the Court considers Defendant Board of County Commissioner's contention that Plaintiff cannot proceed on a 42 U.S.C. § 1983 claim against the Board for her alleged wrongful termination by the Oklahoma County Juvenile Bureau, because the Board of County Commissioners is not the final policymaker regarding employment decisions at the Oklahoma County Juvenile Bureau. Under Oklahoma law, suing the Board of County Commissioners is the sole method by which a plaintiff can seek to impose liability on a county. *See* Okla. Stat. tit. 19 § 4. Furthermore, as recently noted by the Court in *Bale v. Board of County Commissioners*, 2016 WL 3461292, *3 (N.D.Okla. 2016), the director of the juvenile bureau has the authority to hire and fire counselors and other employees and manages the day-to-day affairs of the bureau. As such, the Court cannot say as a matter law that Plaintiff cannot prevail on her claim against the County, which can be held liable for actions of a final policymaker or that Plaintiff failed to state a claim against the Board. *See e.g. deBois v. Board of County Commissioners of Mays County, Oklahoma*, 2014 WL 4810332 (N.D.Okla. 2014)(discussing holding the county liable by suing the board of county commissioners as required by Oklahoma law where sheriff final policymaker with regard to county jail).

Finally, the Court understands Defendants' concerns regarding the timing of discovery

that remains and Plaintiff's relative inaccessability due to relocation, in light of the deadlines imposed in this case and the fact that these motions, while pending, may have impeded discovery or impacted the parties' decisions on how to proceed. Should the parties anticipate difficulty complying with impending deadlines, the Court would entertain a motion for extension of deadlines. For the reasons set forth herein, the Motion for Summary Judgment filed by the Board of County Commissioners is GRANTED IN PART AND DENIED IN PART. The Motion for Summary Judgment filed by the individual Defendants is hereby DENIED.

**IT IS SO ORDERED** this 19th day of September, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE