IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| DEANNA DIXON, | ) |  |
| --- | --- | --- |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | CIV-15-196-R |
|  | ) |  |
| BOARD OF COUNTY COMMISSIONERS OF OKLAHOMA COUNTY, et al., | ) ) ) |  |
|  | ) |  |
| Defendants. | ) |  |

## ORDER

Defendants prevailed in this matter via a motion for summary judgment and seek an award of attorney's fees totaling $32,230.00. (Doc. No. 82). Plaintiff responded in opposition to the motion. Plaintiff also filed a timely motion requesting that the Court review the Clerk of Court's decision taxing costs of $1403.33. (Doc. No. 87). Defendants responded in opposition to her request for review. Having considered the parties' submissions on the issues, the Court finds as follows.

Plaintiff sought relief against Defendants under 42 U.S.C. § 1983. Attorney's fees are available to prevailing Defendants in § 1983 actions 42 U.S.C. § 1988.

> Section 1988(b) provides that the court, in its discretion, may award reasonable attorney's fees to the prevailing party. 42 U.S.C. § 1988(b) (2015). While prevailing plaintiffs are ordinarily awarded attorney's fees, "prevailing defendants are only to be awarded attorney's fees when the plaintiff's claim is 'frivolous, unreasonable, or groundless, or [when] the plaintiff continued to litigate after it clearly became so.' " *Browder v. City of Moab*, 427 F.3d 717, 721 (10th Cir. 2005) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)). "This is a difficult standard to meet, to the point

that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff." *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1203 (10th Cir. 2001).

Plaintiff contends the Court should deny a fee award because Defendants have failed to establish that her claims were vexatious or frivolous, and that Defendants focus on the actions taken during litigation rather than the merits of this case.

The Court hereby exercises its discretion to DENY Defendants' request for attorney's fees, in part because although the merits of Plaintiff's case were weak, the shortcomings in the litigation thereof appear largely the result of inexperienced counsel. Plaintiff filed this action in state court and Defendants removed it to this Court and filed the first of many motions to dismiss. Plaintiff filed an Amended Complaint, and the Court subsequently permitted a Second Amended Complaint in an attempt to remedy persistent pleading defects. The Second Amended Complaint was the subject of additional motions to dismiss, which were granted in part and denied in part.

Shortly after the Court conducted a scheduling conference, Defendants sought summary judgment on the basis that Plaintiff had failed to respond to certain Requests for Admission in a timely manner, despite having been granted numerous extensions of time by Defendants in which to respond. Ultimately, the Court concluded that Defendants' requests had been premature and therefore Plaintiff's failure to respond did not result in admission of the key facts. As a result, the Court denied Defendants' motions for summary judgment, but granted leave to file additional motions for summary judgment in accordance with the Court's scheduling order. (Doc. No. 57, p. 5)("Because the Court's local rules contemplate only a single motion for summary judgment by each party without leave of

Court, the Court hereby grants Defendants leave to file second motions for summary judgment in accordance with the Court's scheduling orders as they deem necessary.").

Plaintiff's counsel thereafter failed to file her final witness and exhibit lists, missing the deadline and never seeking to remedy the situation. Defendants, in accordance with the Court's prior order, filed a motion for summary judgment. Plaintiff, ignoring the prior permission granted to Defendants by the Court, filed a Motion to Strike. Plaintiff's request for extension of time to respond to Defendants' motion for summary judgment was denied because the representations in the Rule 56(d) affidavit failed to establish that Plaintiff had been diligent about discovery. The Court further noted Defendants' responses to Plaintiff's outstanding discovery requests were not due until after termination of the period for completion of discovery. As a result, Plaintiff filed no response to Defendants' motion for summary judgment. The Court could not, and did not, deem the motion confessed. Rather, the facts set forth in the motion as supported by the undisputed evidence were considered and the Court determined that Defendants were entitled to summary judgment.

The Court sets forth this procedural litany to establish that although Plaintiff's claims of racial discrimination did not survive summary judgment, many of the shortcomings in the case were likely due to missteps of counsel, such that the Court is unwilling to shift the burden of Defendants' fees to Plaintiff under the onerous standard set forth above. Rather, the Court exercises it discretion and hereby DENIES Defendants' motion (Doc. No. 82).[1]

---

[1] Plaintiff asserts she lacks the resources to pay the fees in part because of her termination. In response she does not provide any evidence in support of this proposition and makes no attempt to establish that she is indigent.

As noted above, Plaintiff filed a Motion for Review of Cost Award (Doc. No. 87). Defendants filed a brief in opposition to the motion.[2] The time for filing a reply by Plaintiff passed without the filing of such, and accordingly, the motion is at issue.

"Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed.R.Civ.P. 54(d)(1). Whether to award costs to a prevailing party rests within the discretion of the trial court. *Zeran v. Diamond Broad, Inc.*, 203 F.3d 714, 722 (10th Cir. 2000). That that discretion is limited. Rule 54 creates a presumption that costs will be awarded, and if a court denies costs, it must provide a valid reason for doing so." *Id.* "The burden is on the non-prevailing party to overcome this presumption." *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004) (citation omitted).

Plaintiff argues that her financial status, which was negatively impacted by her October 2013 termination, warrants modification of the costs taxed by the Clerk of Court. Plaintiff, however, does not submit an affidavit indicating that she is indigent. Rather, she presents a "Tax Return Comparison" showing that her "wages, salaries, tips, etc" decreased by $1,025.00 between 2013, the year she was terminated, and 2014. She submits an "IRS *e-file* signature Authorization" prepared by a tax service that indicates her "Adjusted gross income" for 2015 is (20,150), a negative amount. The Court declines to compare "wages, salaries, tips" with "adjusted gross income," because the latter includes such things as business losses and does not necessarily accurately reflect wages. Furthermore, if the Court

---

[2] Therein Defendants devote a majority of the response to bolstering their attorney fee request, although they did not file a timely reply in support of their initial motion for fees. The Court limits its consideration of this brief to the issue of costs, the time for briefing the fee issue having expired when the deadline for filing their reply passed.

were inclined to rely on comparisons in Plaintiff's adjusted gross income between years, in 2014, the year after she was terminated, she experienced a substantial increase over 2013. A pension/IRA distribution accounted for this increase; however, it illustrates the danger of attempting to compare wages and adjusted gross income. Furthermore, as noted, Plaintiff has not attempted to establish that she is indigent, and the fact that payment of costs may present a financial hardship is not itself, without a showing of indigency, sufficient to avoid costs. Accordingly, the Court declines Plaintiff's request to deny costs because of her diminished financial resources. Because this is the basis for her objection, the Court hereby AFFIRMS the costs taxed by the Clerk of Court in the amount of $1403.33.

For the reasons set forth herein, Defendants' Motion for Attorney Fees (Doc. No. 82) is hereby DENIED. Plaintiff's Motion to Review Taxation of Costs is DENIED (Doc. No. 87) and the decision of the Clerk is hereby AFFIRMED.

**IT IS SO ORDERED** this 3rd day of February 2017.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE